******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# DUR-A-FLEX, INC. *v.* SAMET DY ET AL.
## (SC 20822)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Ecker, Alexander and Elgo, Js.

### *Syllabus*

The plaintiff, which develops, manufactures and sells resinous flooring sys-
tems, sought to recover damages from the defendant S, a former employee,
for breach of a noncompete agreement, breach of the common-law
duty of confidentiality, and violations of the Connecticut Uniform Trade
Secrets Act (CUTSA) (§ 35-50 et seq.), in connection with S's alleged
misappropriation of the plaintiff's trade secrets. Several years after hiring
S as a chemist, the plaintiff required him to sign a noncompete agreement
as a condition of his continued employment. Although S signed the
noncompete agreement, he then established his own floor coating busi-
ness and resigned from his employment with the plaintiff. S then used
the plaintiff's formulas and research to develop his own competing floor
coating product, and he assisted several firms, including the plaintiff's
competitors, in developing their own products. Thereafter, the plaintiff
brought two separate actions against S, including the present one. The
plaintiff asserted similar claims in both actions. The trial court in the
separate action determined that the noncompete agreement was unen-
forceable because there was no consideration and that the claim alleging
S's breach of the common-law duty of confidentiality was preempted
by CUTSA. The court in the separate action also found that a payment
that the plaintiff made to S after his resignation constituted severance
pay rather than compensation for his affirmation of the noncompete
agreement. Subsequently, the trial court in the present case, applying
principles of collateral estoppel, granted S's motion for summary judg-
ment and rendered judgment for S on the ground that further consider-
ation of the issues was precluded by the court's rulings in the separate
action, which involved the same parties and issues. Thereafter, the
plaintiff appealed from the trial court's judgment.

*Held* that the trial court improperly granted S's motion for summary judg-
ment with respect to the plaintiff's breach of the noncompete agreement
claim, and, accordingly, this court reversed in part the trial court's
judgment and remanded the case for further proceedings:

In the companion case of *Dur-A-Flex, Inc.* v. *Dy* (349 Conn. 513), arising
out of the appeals taken from the judgment rendered in the plaintiff's
separate action against S, this court concluded that the trial court had
incorrectly determined that the noncompete agreement was unenforce-
able for lack of consideration and that further proceedings were required
to determine whether the agreement was supported by adequate consid-

eration, and this court's reversal of the trial court's judgment in the separate action with respect to the breach of the noncompete agreement claim was binding in the present case under the doctrine of collateral estoppel.

Accordingly, this court concluded that the trial court's judgment in the present case must be reversed and that the case is to be remanded pending a determination on remand in the plaintiff's separate action against S as to whether the noncompete agreement is enforceable and, if so, whether S had breached that agreement.

Moreover, with respect to the plaintiff's claims that the noncompete agreement was enforceable because S reaffirmed his promise not to compete and that the trial court improperly rendered judgment for S on the breach of the duty of confidentiality claim on the ground that it was preempted by CUTSA, this court concluded, in the companion case, that the trial court's finding in the plaintiff's separate action that S's severance compensation was not consideration for his affirmation of the noncompete agreement was not clearly erroneous and also upheld that court's ruling that the plaintiff's breach of the duty of confidentiality claim was preempted by CUTSA, and those rulings were binding in the present case.

Submitted on briefs September 6, 2023—officially released July 2, 2024*

*Procedural History*

Action to recover damages for, inter alia, breach of a noncompete agreement, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the case was transferred to the Complex Litigation Docket; thereafter, the action was withdrawn as against the defendant Crown Polymers Corporation et al.; subsequently, the court, *Moukawsher, J.,* granted the named defendant's motion for summary judgment and rendered judgment for the named defendant, from which the plaintiff appealed. *Reversed in part*; *further proceedings.*

*Michael D. Blumberg,* filed a brief for the appellant (plaintiff).

---

* July 2, 2024, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Opinion*

ALEXANDER, J. This appeal[1] arises from a dispute between the plaintiff, Dur-A-Flex, Inc., a manufacturer of resinous flooring systems, and the named defendant, Samet Dy,[2] a former employee of the plaintiff, over whether the defendant misappropriated the plaintiff's trade secrets in violation of the Connecticut Uniform Trade Secrets Act (CUTSA), General Statutes § 35-50 et seq. The plaintiff brought this action, claiming that the defendant had breached his noncompete agreement with the plaintiff, misappropriated the plaintiff's trade secrets in violation of CUTSA, and breached his duty of confidentiality. The trial court granted the defendant's motion for summary judgment on the breach of the noncompete agreement and breach of the duty of confidentiality claims.[3] On appeal,[4] the plaintiff claims that (1) the trial court improperly rendered judgment for the defendant on the breach of the noncompete agreement claim on the ground that it was unenforceable for lack of consideration, (2) even if the noncompete agreement was invalid, it became enforceable when the defendant orally reaffirmed his promise not to compete, and (3) the trial court improperly rendered judgment for the defendant on the breach of the duty of confidentiality claim on the ground that it was preempted by CUTSA. With respect to the plaintiff's first claim, we conclude that the trial court incorrectly determined that the noncompete

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] Crown Polymers Corporation and American Polymers Corporation were also named as defendants, but the plaintiff withdrew the action as to them. We therefore refer in this opinion to Dy as the defendant.

[3] The trial court also rendered judgment in favor of the defendant on the plaintiff's misappropriation of trade secrets claim because it was "entirely dependent" on the plaintiff's other claims.

[4] The defendant has not filed a brief with this court or otherwise participated in this appeal.

agreement was unenforceable as a matter of law and that the case must be remanded for further proceedings on that issue. We reject the plaintiff's second and third claims. We therefore reverse in part and affirm in part the judgment of the trial court.

The record reveals the following undisputed facts and procedural history.[5] Several years after hiring the defendant as a chemist, the plaintiff required him to sign a "Noncompetition, Nonsolicitation and Confidentiality Agreement" (noncompete agreement) as a condition for maintaining his employment. The defendant, who was an at-will employee, signed the agreement, which provided that he would not "disclose, divulge, communicate or use any confidential or proprietary business information or trade secrets" of the plaintiff or its customers during or after his employment and that he would not compete with the plaintiff for two years after his employment terminated. Despite this, and prior to the effective date of his resignation, the defendant established his own floor coating business and set up a chemistry lab in his garage. He then used the plaintiff's formulas and research to develop a competing product and assisted several firms, including the plaintiff's competitors, in developing their own floor coating products.[6]

After learning of the defendant's activities, the plaintiff brought an action, claiming, among other things, that the defendant had breached the noncompete agreement and his common-law duty of confidentiality to the plaintiff by entering into a consulting arrangement with Koster American Corporation.[7] See *Dur-A-Flex, Inc.* v. *Dy,*

[5] The facts underlying this appeal are set forth more fully in the companion case that we also decided today. See *Dur-A-Flex, Inc.* v. *Dy,* 349 Conn. 513,     A. 3d     (2024).

[6] During this period, the defendant provided consulting services to Crown Polymers Corporation and American Polymers Corporation, who were named as defendants in this action. See footnote 2 of this opinion.

[7] The plaintiff subsequently amended its complaint to include the allegations that, in addition to consulting for the plaintiff's competitors, the defendant formed his own company to compete with the plaintiff and shared its

Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. X07-HHD-CV-14-6049281-S (*Dur-A-Flex I*). In a memorandum of decision issued following the first phase of the bench trial, the trial court concluded that, because the plaintiff had given the defendant "nothing in exchange for his signing [the noncompete agreement] beyond continuing his job under the same terms and conditions," the agreement was unenforceable. *Dur-A-Flex, Inc.* v. *Dy*, Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. X07-HHD-CV-14-6049281-S (March 28, 2019) (68 Conn. L. Rptr. 479, 483). The trial court also found that the payment received by the defendant from the plaintiff after his resignation was "severance money" and not, as the plaintiff argued, compensation for reaffirming the noncompete agreement. Id. In a subsequent decision, the trial court concluded that "former employees owe no common-law duty of confidentiality to their former employers" and that claims involving such confidential information are preempted by CUTSA. *Dur-A-Flex, Inc.* v. *Dy*, Docket No. X07-HHD-CV-14-6049281-S, 2020 WL 3066357, *1 (Conn. Super. April 22, 2020).

In addition to *Dur-A-Flex I*, the plaintiff brought the present action, in which it raised similar claims against the defendant for breaching the noncompete agreement by entering into a consulting arrangement with Crown Polymers Corporation and American Polymers Corporation and breaching his common-law duty of confidentiality. The trial court granted the defendant's motion for summary judgment on both claims, acknowledging that it had already ruled on these issues in *Dur-A-Flex I* and noting that "[n]othing has changed in the law and

confidential information with various other parties, including the plaintiff's competitors. See *Dur-A-Flex, Inc.* v. *Dy*, Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. X07-HHD-CV-14-6049281-S.

nothing has changed in the court's views" since its prior rulings. This appeal followed.

Because the trial court granted the defendant's motion for summary judgment on the basis that further consideration of the issues was precluded by its rulings on the breach of the noncompete agreement and breach of the common-law duty of confidentiality claims in *Dur-A-Flex I*, which involved the same parties and issues as those in the present case, its decision was premised on principles of collateral estoppel. See *Zanoni* v. *Lynch*, 79 Conn. App. 325, 338, 830 A.2d 314 ("[s]ummary judgment is an appropriate method for resolving issues of res judicata or collateral estoppel"), cert. denied, 266 Conn. 928, 837 A.2d 803 (2003); see also *Solon* v. *Slater*, 345 Conn. 794, 810, 287 A.3d 574 (2023) ("[t]he doctrine of collateral estoppel prevents a party from relitigating issues and facts [that have been] actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them [on] a different claim" (emphasis omitted; internal quotation marks omitted)).

In the companion case that we also decided today, *Dur-A-Flex, Inc.* v. *Dy*, 349 Conn. 513,     A.3d (2024), we concluded that the trial court incorrectly determined that the noncompete agreement was unenforceable for lack of consideration and that further proceedings are required to determine whether the agreement was supported by adequate consideration. Id., 525, 594, 611. We therefore reversed the trial court's judgment on the breach of the noncompete agreement claim and remanded the case to the trial court with direction to make the required factual determination. Id., 525, 611–12. Our reversal of the judgment on the breach of the noncompete agreement claim is binding in the present case under the doctrine of collateral estoppel. See, e.g., *Solon* v. *Slater*, supra, 345 Conn. 810. We conclude, therefore, that the judgment in the

present case must be reversed and the case remanded to await the judgment of the trial court on remand in *Dur-A-Flex I*. The trial court's determination in that case as to whether the noncompeteagreement is enforceable will also be binding in the present case. If the trial court concludes in *Dur-A-Flex I* that the agreement is enforceable, additional proceedings will be necessary in the present case to determine whether the defendant breached the agreement.

We also concluded in the companion case that the trial court's finding that the defendant's severance compensation was not consideration for his affirmation of the noncompete agreement was not clearly erroneous; *Dur-A-Flex*, *Inc.* v. *Dy*, supra, 349 Conn. 595–96; and upheld the trial court's ruling that the plaintiff's claim that the defendant breached his common-law duty of confidentiality was preempted by CUTSA. Id., 602–603. Those rulings are also binding in the present case.

The judgment is reversed with respect to the plaintiff's breach of the noncompete agreement claim and the case is remanded for further proceedings consistent with this opinion; the judgment is affirmed in all other respects.

In this opinion the other justices concurred.